FILED
JANUARY 11, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 282**

| | |
|---|---|
| ANGEL TORRES, | ) |
|     Plaintiff, | ) |
| | ) |
|     vs. | ) |
| | ) |
| CITY OF CHICAGO, | ) |
| a municipal corportation, | ) |
| OFFICER JERRY DOSKOCZ, Star #6573, | ) |
| a Chicago Police Officer, | ) |
| in his individual capacity, | ) |
| OFFICER KENNETH FLAHERTY, Star #13584, | ) |
| a Chicago Police Officer, | ) |
| in his individual capacity, | ) |
| CHICAGO POLICE OFFICER JOHN DOE #1, | ) |
| Star number unknown, | ) |
| in his individual capacity, | ) |
| CHICAGO POLICE OFFICER JOHN DOE #2, | ) |
| Star number unknown, | ) |
| in his individual capacity, | ) |
| | ) |
|     Defendants. | ) |

**JUDGE KENDALL**
**MAGISTRATE JUDGE DENLOW**

## COMPLAINT

Jurisdiction/Venue

1. This incident occurred on January 26, 2007, in the City of Chicago, County of Cook, Illinois.

2. The jurisdiction of this court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343 (a); the Constitution of the United States, and pendent jurisdiction, as provided under U.S.C. § 1367 (a).

Parties

3. At all relevant times pertaining to this occurrence, Plaintiff was a resident of Chicago,

Cook County, Illinois.

4. At the time of the occurrence, Defendant City of Chicago was a municipal corporation, and the principal employer of Defendants Doskocz, Flaherty and Chicago Police Officers John Doe #1 and #2 who were acting under color of law and in the course and scope of their employment with the City of Chicago.

Facts

5. On or about January 26, 2007, the Plaintiff was in the vicinity of 5338 S. Hermitage Avenue, Chicago, Illinois.

6. Then and there, Defendants Doskocz and Flaherty illegally stopped, seized, searched and arrested the Plaintiff without probable cause or any legal justification.

7. Plaintiff was arrested, handcuffed and taken to the police station for processing.

8. Plaintiff was handcuffed for over three hours and was suffering from hand pain when he was taken to Mercy Hospital located at 2525 S. Michigan Avenue, Chicago, IL by Defendants Chicago Police Officers John Doe #1 and #2.

9. While at Mercy Hospital for several hours, Plaintiff was ordered to place his head on a high countertop by Defendant Chicago Police Officer John Doe #1 or #2.

10. Plaintiff was physically unable to place his head on said countertop for any extended amount of time.

11. Defendants Chicago Police Officer John Doe #1 and/or Chicago Police Officer John Doe #2 grabbed Plaintiff's head and struck it on the countertop several times.

12. As the proximate result of all the aforementioned actions by Defendants Doskocz, Flaherty and Chicago Police Officers John Doe #1 and #2, the Plaintiff suffered loss of freedom, bodily injury, pain and suffering and medical expenses.

13. Thereafter, Plaintiff was charged with a misdemeanor offense, which was terminated in the Plaintiff's favor on February 21, 2007, in a manner consistent with the innocence of the Plaintiff.

### COUNT I – 42 U.S.C. § 1983 Excessive Force

(Plaintiff v Defendants Chicago Police Officer John Doe #1 and/or #2)

14. Plaintiff re-alleges all prior allegations.

15. The actions of Defendants Chicago Police Officer John Doe #1 and/or #2 in physically abusing and otherwise using unreasonable and unjustifiable force against the Plaintiff, violated Plaintiff's rights under the Fourth Amendment to the United States Constitution, incorporated to the states and municipalities through the Fourteenth Amendment, to be secure in his person, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

16. As the proximate result of all of the aforementioned actions by Defendants Chicago Police Officer John Doe #1 and/or #2, the Plaintiff suffered loss of freedom, bodily injury, pain and suffering, psychological damage and medical expenses.

WHEREFORE, pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff demands compensatory damages against Defendants Chicago Police Officer John Doe #1 and/or #2 and because each acted maliciously, wantonly or oppressively, substantial punitive damages, plus the costs of this action, plus attorneys' fees and other and additional relief as this Court deems equitable and just.

### COUNT II – 42 U.S.C. §1983 Failure to Intervene

(Plaintiff v. Defendant Chicago Police Officer John Doe #1 and/or #2)

17. The Plaintiff re-alleges what has been previously alleged in this complaint.

18. The actions or inaction of Defendant Chicago Police Officer John Doe #1and/or #2 in failing to intervene and protect Plaintiff from excessive, unreasonable and unjustifiable force despite the duty and opportunity to do so violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and thus violated 42 U.S.C. § 1983 and were the direct and proximate cause of Plaintiff's injuries described more fully above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands compensatory damages against Defendant Chicago Police Officer John Doe #1 and/or #2 because he acted maliciously, wantonly, or oppressively, substantial punitive damages, plus costs of this action, plus attorney's fees and such other additional relief as this Court deems equitable and just.

### COUNT II – 42 U.S.C. § 1983 False Arrest
(Plaintiff v. Defendants Doskocz and Flaherty)

19. Plaintiff re-alleges what has been previously alleged in this Complaint.

20. The actions of Defendants Doskocz and Flaherty in falsely seizing, searching and ultimately arresting the Plaintiff without probable cause violated his rights under the Fourth Amendment to the United States Constitution to be secure in his persons, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

21. As the proximate result of all the aforementioned actions by Defendant Doskocz and Flaherty, Plaintiff suffered loss of freedom, bodily injury, pain and suffering, psychological damage and medical expenses.

WHEREFORE, pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff demands compensatory damages against Defendant Doskocz and Flaherty and because each acted maliciously, wantonly or oppressively, substantial punitive damages, plus the costs of this action, plus attorneys' fees and other and additional relief as this Court deems equitable and just.

### COUNT III – Illinois State Law Claim of Battery

(Plaintiff v. Defendant City of Chicago)

22. Plaintiff re-alleges what has been previously alleged in this Complaint.
23. One or more Chicago Police Officers with the Defendant City of Chicago physically abused the Plaintiff, and these officers committed these intentional acts of harmful and/or offensive contact against the Plaintiff, and were without provocation or legal justification.
24. The actions of one or more of these City of Chicago police officers were the direct and proximate cause of the injuries suffered by the Plaintiff, as described more fully above.
25. One or more Chicago Police Officers were acting in the course and scope of their employment with the City of Chicago in taking these actions, and thus the City of Chicago is liable based on the theory of respondeat superior.

WHEREFORE, Plaintiff demands compensatory damages against Defendant City of Chicago, plus costs of this action, plus any and other additional relief as this court deems equitable and just.

### COUNT IV – Illinois State Law Claim of False Imprisonment

(Plaintiff v. Defendant City of Chicago)

26. Plaintiff re-alleges what has been previously alleged in this Complaint.

27. One or more of Chicago Police Officers with the City of Chicago, placed handcuffs on the Plaintiff and arrested him, thus restricting his freedom of movement, and this was done without legal justification.

28. The actions of one or more Chicago Police Officers were the direct and proximate cause of the injuries suffered by the Plaintiff, as described more fully above.

29. One or more Chicago Police Officers were acting in the course and scope of their employment with the City of Chicago in taking these actions, and thus the City of Chicago is liable based on the theory of respondeat superior.

WHEREFORE, Plaintiff demands compensatory damages against Defendant City of Chicago, plus the costs of this action, plus any and other additional relief as this court deems equitable and just.

## **COUNT V – Illinois State Law Claim of Malicious Prosecution**

(Plaintiff v Defendants Flaherty and City of Chicago)

30. Plaintiff re-alleges what has been previously alleged in this Complaint.

31. Plaintiff was falsely charged by Defendant Flaherty with a misdemeanor offense, even though Defendant Flaherty knew there was no probable cause for these charges to be filed against the Plaintiff. The Defendant took such actions with malice intent to prosecute the Plaintiff.

32. In taking these actions, Defendant Flaherty acted within the course and scope of his employment with the City of Chicago, and thus the City of Chicago is liable based on

the theory of respondeat superior.

33. On February 21, 2007, all charges against the Plaintiff were terminated in the Plaintiff's favor, in a manner consistent with the innocence of the Plaintiff.

34. As a result of the actions described in this complaint, the Plaintiff suffered physical, emotional and pecuniary damages (including but not limited to medical bills and attorneys' fees).

WHEREFORE, Plaintiff demands compensatory damages against Defendants Flaherty and City of Chicago, plus punitive damages against Flaherty, plus costs, and other and additional relief as this court deems equitable and just.

### COUNT VI – Indemnification (Federal Claims Only)
(Plaintiff v. City of Chicago)

35. Plaintiff re-alleges what has been previously alleged in this Complaint.

36. Defendant City of Chicago is the indemnifying entity for the actions described above, of Defendants Doskocz and Flaherty who took their actions while acting under the color of law and in the course and scope of his employment with the City of Chicago.

WHEREFORE, should Defendants Doskocz and Flaherty be found liable on one or more of the claims set forth above, Plaintiff demands that Defendant City of Chicago be found liable for any judgment (other than punitive damages) he obtains thereon.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

                                            By: __/s/ Brian Barrido_____

                                            Brian J. Barrido
                                            One of the Attorneys for Plaintiff

Brian J. Barrido
Dvorak, Toppel & Barrido
3859 West 26th Street
Chicago, Illinois 60623
(773) 521-1300 (phone)
(773) 521-4400 (fax)