IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANGEL TORRES, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 08 C 282 |
| | ) | |
| CITY OF CHICAGO, a municipal corporation, | ) | Judge Kendall |
| OFFICER JERRY DOSKOCZ, Star #6573, | ) | |
| a Chicago Police Officer, in his individual | ) | Magistrate Judge Denlow |
| capacity, OFFICER KENNETH FLAHERTY, | ) | |
| Star #13584, Chicago Police Officer in his | ) | |
| individual capacity, | ) | |
| CHICAGO POLICE OFFICER | ) | |
| JOHN DOE # 1, Star number unknown, | ) | |
| in his individual capacity, | ) | |
| CHICAGO POLICE OFFICER | ) | |
| JOHN DOE #2, Star number unknown, | ) | |
| in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant City of Chicago (the "City"), by its attorney Mara S. Georges, Corporation Counsel of the City of Chicago, answers plaintiff's complaint as follows:

**Jurisdiction/Venue**

1. This incident occurred on January 26, 2007, in the City of Chicago, County of Cook, Illinois.

**ANSWER: The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

2. The jurisdiction of this court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343 (a); the Constitution of the United States, and pendent jurisdiction, as provided under U.S.C. § 1367 (a).

**ANSWER: The City admits that this Court has jurisdiction over the federal claims in this action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343(a)(3). The City further admits that this court has jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a). The City denies that the United States Constitution provides plaintiff with a direct cause of action, and further denies that 42 U.S.C. § 1988 is jurisdictional.**

**Parties**

3. At all relevant times pertaining to this occurrence, Plaintiff was a resident of Chicago, Cook County, Illinois.

**ANSWER: The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

4. At the time of the occurrence, Defendant City of Chicago was a municipal corporation, and the principal employer of Defendants Doskocz, Flaherty and Chicago Police Officers John Doe #1 and #2 who were acting under color of law and in the course and scope of their employment with the City of Chicago.

**ANSWER: The City admits that it is a municipal corporation duly incorporated under the laws of the State of Illinois. The City further admits that Defendant Officers Doskocz and Flaherty were employed by the City on January 26, 2007. The City further admits upon information and belief, based on Chicago Police Department records, that Defendant Officers Doskocz and Flaherty were acting within the scope of their employment and under color of law in their encounter with and arrest of plaintiff on January 26, 2007. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

**Facts**

5. On or about January 26, 2007, the Plaintiff was in the vicinity of 5338 S. Hermitage Avenue, Chicago, Illinois.

**ANSWER: The City admits, upon information and belief, based on Chicago Police Department records, the allegations in this paragraph.**

6. Then and there, Defendants Doskocz and Flaherty illegally stopped, seized, searched and arrested the Plaintiff without probable cause or any legal justification.

**ANSWER: The City admits, upon information and belief, based on Chicago Police Department records, that on January 26, 2007, Chicago Police Officers Flaherty and Doskocz arrested plaintiff for violating 720 ILCS 5.0/25-1-E, Mob Action-Fail to Withdraw at or around 5338 S. Hermitage Ave., Chicago, Illinois. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

7. Plaintiff was arrested, handcuffed and taken to the police station for processing.

**ANSWER: The City admits, upon information and belief, based on Chicago Police Department records, that plaintiff was arrested and transported to a police station for further processing. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

8. Plaintiff was handcuffed for over three hours and was suffering from hand pain when he was taken to Mercy Hospital located at 2525 S. Michigan Avenue, Chicago, IL by Defendants Chicago Police Officers John Doe #1 and #2.

**ANSWER: The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

9. While at Mercy Hospital for several hours, Plaintiff was ordered to place his head on a high countertop by Defendant Chicago Police Officer John Doe #1 or #2.

**ANSWER: The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

10. Plaintiff was physically unable to place his head on said countertop for any extended amount of time.

**ANSWER: The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

11. Defendants Chicago Police Officer John Doe #1 and/or Chicago Police Officer John Doe #2 grabbed Plaintiff's head and struck it on the countertop several times.

**ANSWER: The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

12. As the proximate result of all the aforementioned actions by Defendants Doskocz, Flaherty and Chicago Police Officers John Doe #1 and #2, the Plaintiff suffered loss of freedom, bodily injury, pain and suffering and medical expenses.

**ANSWER: The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

13. Thereafter, Plaintiff was charged with a misdemeanor offense, which was terminated in the Plaintiff's favor on February 21, 2007, in a manner consistent with the innocence of the Plaintiff.

**ANSWER: The City admits, upon information and belief, based on Chicago Police Department records, that plaintiff was charged with violating 720 ILCS 5.0/25-1-E, Mob action - Fail to Withdraw, which is a misdemeanor offense. The City further admits, upon information and belief, based on Chicago Police Department records, that the charge against plaintiff was stricken from the docket with leave to reinstate on February 21, 2007. The City denies, upon information and belief, based on Chicago Police Department records, the remaining allegations of this paragraph.**

**COUNT I - 42 U.S.C. § 1983 Excessive Force**

(Plaintiff v Defendants Chicago Police Officer John Doe #1 and/or #2)

**The City is not named as a defendant in Count I. Accordingly, the City answers the allegations in Count I only to the extent that these allegations are incorporated in subsequent counts.**

14. Plaintiff re-alleges all prior allegations.

**ANSWER: The City's answers to those allegations are incorporated herein by reference as though fully set forth.**

15. The actions of Defendants Chicago Police Officer John Doe #1 and/or #2 in physically abusing and otherwise using unreasonable and unjustifiable force against the Plaintiff, violated Plaintiff's rights under the Fourth Amendment to the United States Constitution, incorporated to the states and municipalities through the Fourteenth Amendment, to be secure in

his person, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

**ANSWER: The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

16. As the proximate result of all of the aforementioned actions by Defendants Chicago Police Officer John Doe #1 and/or #2, the Plaintiff suffered loss of freedom, bodily injury, pain and suffering, psychological damage and medical expenses.

**ANSWER: The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

**COUNT II - 42 U.S.C. §1983 Failure to Intervene**

(Plaintiff v. Defendant Chicago Police Officer John Doe #1 and/or #2)

**The City is not named as a defendant in Count II. Accordingly, the City answers the allegations in Count II only to the extent that these allegations are incorporated in subsequent counts.**

17. The Plaintiff re-alleges what has been previously alleged in this complaint.

**ANSWER: The City's answers to those allegations are incorporated herein by reference as though fully set forth.**

18. The actions or inaction of Defendant Chicago Police Officer John Doe #l and/or #2 in failing to intervene and protect Plaintiff from excessive, unreasonable and unjustifiable

force despite the duty and opportunity to do so violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and thus violated 42 U.S.C. § 1983 and were the direct and proximate cause of Plaintiff's injuries described more fully above.

**ANSWER: The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

**COUNT II [sic] - 42 U.S.C. $ 1983 False Arrest**

(Plaintiff v. Defendants Doskocz and Flaherty)

**The City is not named as a defendant in this Count. Accordingly, the City answers the allegations in this Count only to the extent that these allegations are incorporated in subsequent counts.**

19. Plaintiff re-alleges what has been previously alleged in this Complaint.

**ANSWER: The City's answers to those allegations are incorporated herein by reference as though fully set forth.**

20. The actions of Defendants Doskocz and Flaherty in falsely seizing, searching and ultimately arresting the Plaintiff without probable cause violated his rights under the Fourth Amendment to the United States Constitution to be secure in his persons, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

**ANSWER: The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

21. As the proximate result of all the aforementioned actions by Defendant Doskocz and Flaherty, Plaintiff suffered loss of freedom, bodily injury, pain and suffering, psychological damage and medical expenses.

**ANSWER: The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

**COUNT III [sic] - Illinois State Law Claim of Battery**

(Plaintiff v. Defendant City of Chicago)

**The City is not named as a defendant in this Count. Accordingly, the City answers the allegations in this Count only to the extent that these allegations are incorporated in subsequent counts.**

22. Plaintiff re-alleges what has been previously alleged in this Complaint.

**ANSWER: The City's answers to those allegations are incorporated herein by reference as though fully set forth.**

23. One or more Chicago Police Officers with the Defendant City of Chicago physically abused the Plaintiff, and these officers committed these intentional acts of harmful and/or offensive contact against the Plaintiff, and were without provocation or legal justification.

**ANSWER: The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

24. The actions of one or more of these City of Chicago police officers were the direct and proximate cause of the injuries suffered by the Plaintiff, as described more fully above.

**ANSWER: The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

25. One or more Chicago Police Officers were acting in the course and scope of their employment with the City of Chicago in taking these actions, and thus the City of Chicago is liable based on the theory of respondeat superior.

**ANSWER: The City admits, upon information and belief, based on Chicago Police Department records, that Chicago Police Officers Flaherty and Doskocz were acting within the scope of their employment and under color of law in their encounter with and arrest of plaintiff on January 26, 2007. The City states that plaintiff's allegation that the City is liable for the actions of "one of more Chicago Police Officers" is a vague, incomplete and/or incorrect statement of the nature of the City's liability under the doctrine of *respondeat superior* under Illinois law; therefore, this allegation is denied. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

**COUNT IV [sic]- Illinois State Law Claim of False Imprisonment**

(Plaintiff v. Defendant City of Chicago)

26. Plaintiff re-alleges what has been previously alleged in this Complaint.

**ANSWER: The City's answers to those allegations are incorporated herein by reference as though fully set forth.**

27. One or more of Chicago Police Officers with the City of Chicago, placed handcuffs on the Plaintiff and arrested him, thus restricting his freedom of movement, and this was done without legal justification.

**ANSWER: The City admits, upon information and belief, based on Chicago Police Department records, that Chicago Police Officers Flaherty and Doskocz arrested plaintiff on January 26, 2007. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

28. The actions of one or more Chicago Police Officers were the direct and proximate cause of the injuries suffered by the Plaintiff, as described more fully above.

**ANSWER: The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

29. One or more Chicago Police Officers were acting in the course and scope of their employment with the City of Chicago in taking these actions, and thus the City of Chicago is liable based on the theory of respondeat superior.

**ANSWER: The City admits, upon information and belief, based on Chicago Police Department records, that Chicago Police Officers Flaherty and Doskocz were acting within the scope of their employment and under color of law in their encounter with and arrest of**

**plaintiff on January 26, 2007. The City states that plaintiff's allegation that the City is liable for the actions of "one of more Chicago Police Officers" is a vague, incomplete and/or incorrect statement of the nature of the City's liability under the doctrine of *respondeat superior* under Illinois law; therefore, this allegation is denied. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

**COUNT V [sic] - Illinois State Law Claim of Malicious Prosecution**

(Plaintiff v Defendants Flaherty and City of Chicago)

30. Plaintiff re-alleges what has been previously alleged in this Complaint.

**ANSWER: The City's answers to those allegations are incorporated herein by reference as though fully set forth.**

31. Plaintiff was falsely charged by Defendant Flaherty with a misdemeanor offense, even though Defendant Flaherty knew there was no probable cause for these charges to be filed against the Plaintiff. The Defendant took such actions with malice intent to prosecute the Plaintiff.

**ANSWER: The City admits, upon information and belief, based on Chicago Police Department records, that plaintiff was charged with violating 720 ILCS 5.0/25-1-E, Mob Action-Fail to Withdraw, a misdemeanor offense. The City is without knowledge or**

**information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

32. In taking these actions, Defendant Flaherty acted within the course and scope of his employment with the City of Chicago, and thus the City of Chicago is liable based on the theory of respondeat superior.

**ANSWER: The City admits, upon information and belief, based on Chicago Police Department records, that Chicago Police Officer Flaherty was acting within the scope of his employment and under color of law in his encounter with and arrest of plaintiff on January 26, 2007. The City states that plaintiff's allegation that the City is liable for his actions is a vague, incomplete and/or incorrect statement of the nature of the City's liability under the doctrine of *respondeat superior* under Illinois law; therefore, this allegation is denied. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

33. On February 21, 2007, all charges against the Plaintiff were terminated in the Plaintiff's favor, in a manner consistent with the innocence of the Plaintiff.

**ANSWER: The City admits, upon information and belief, based on Chicago Police Department records, that the charge against plaintiff was stricken from the docket with leave to reinstate on February 21, 2007. The City denies, upon information and belief, based on Chicago Police Department records, the remaining allegations of this paragraph.**

34. As a result of the actions described in this complaint, the Plaintiff suffered physical, emotional and pecuniary damages (including but not limited to medical bills and attorneys' fees).

**ANSWER: The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

**COUNT VI [sic]- Indemnification (Federal Claims Only)**

(Plaintiff v. City of Chicago)

35. Plaintiff re-alleges what has been previously alleged in this Complaint.

**ANSWER: The City's answers to those allegations are incorporated herein by reference as though fully set forth.**

36. Defendant City of Chicago is the indemnifying entity for the actions described above, of Defendants Doskocz and Flaherty who took their actions while acting under the color of law and in the course and scope of his [sic] employment with the City of Chicago.

**ANSWER: The City admits, upon information and belief, based on Chicago Police Department records, that Chicago Police Officers Doskocz and Flaherty were acting within the scope of their employment and under color of law in their encounter with and arrest of plaintiff on January 26, 2007. The City states that the allegation regarding indemnification in this paragraph contains a vague, incomplete, or incorrect statement of the nature of the City's liability under Illinois law and therefore this allegation is denied. The City is without**

**knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.**

**WHEREFORE, the City prays that this Court enter judgment in its favor on Plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.**

**DEFENDANT CITY OF CHICAGO DEMANDS TRIAL BY JURY**

**AFFIRMATIVE DEFENSES**

1. The Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") does not require the City to pay any tort judgment or settlement for any damages for which its employee was acting outside the scope of his employment. 745 ILCS 10/9-102 (2006).

2. Defendant City is not liable to plaintiff if its employees or agents are not liable to the plaintiff. 745 ILCS 10/2-109 (2006).

3. To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. 745 ILCS 10/2-202 (2006).

4. Defendant City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2006).

5. Defendant City is not liable for injury proximately caused by the failure of an employee to take reasonable action to furnish or obtain medical care. 745 ILCS 10/4-105 (1994).

6. Under the Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly by the injured party or a third party. 745 ILCS 10/2-102 (2006).

7. As to plaintiff's state law claims, the City is not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement, attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party." See Kerns v. Engelke, 76 Ill. 2d 154, 166 (1979) (citations omitted).

8. To the extent plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in this case.

9. To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of the plaintiff, any verdict or judgment obtained by plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this case.

10. Under state law, the City is not liable for conduct committed by employees not acting within the scope of their employment. Wright v. City of Danville, 174 Ill.2d 392, 221 Ill.Dec. 203, 675 N.E.2d 110 (1996).

11. Under Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978), the City is not liable under section 1983 for its employees' misconduct.

Dated: March 21, 2008

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel of the
City of Chicago

BY: /s/ Marcela D. Sánchez

MEGAN K. McGRATH
Assistant Corporation Counsel
MARCELA D. SÁNCHEZ
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1020
Chicago, IL 60602