IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGEL TORRES,                                )<br>                                             )<br>        Plaintiff,                           )<br>                                             )<br>    v.                                       )<br>                                             )<br> CITY OF CHICAGO, a municipal corporation,    )<br> OFFICER JERRY DOSKOCZ, Star #6573, a         )<br> Chicago Police Officer, in his individual    )<br> capacity, OFFICER KENNETH FLAHERTY,          )<br> Star #13584, a Chicago Police Officer, in his)<br> individual capacity, CHICAGO POLICE          )<br> OFFICER, JOHN DOE #1, Star number            )<br> unknown, in his individual capacity, CHICAGO )<br> POLICE OFFICER, JOHN DOE #2, Star            )<br> Number unknown, in his individual capacity,  )<br>                                             )<br>        Defendants.                           ) | Case No. 08 C 282<br><br>Judge Virginia M. Kendall<br><br>Magistrate Judge Morton Denlow |

**DEFENDANTS DOSKOCZ AND FLAHERTY'S ANSWER, DEFENSES AND
JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendants, Jerry Doskocz and Kenneth Flaherty ("Defendant Officers") by and through one of their attorneys, Matthew R. Hader, Assistant Corporation Counsel for the City of Chicago, hereby submit the following Answer, Defenses and Jury Demand to Plaintiff's Complaint:

Jurisdiction/Venue

1.  This incident occurred on January 26, 2007, in the City of Chicago, Cook County, Illinois.

**ANSWER:**  Defendant Officers[1] lack information and knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2.  The jurisdiction of this court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343(a); the Constitution of the United States, and pendent jurisdiction, as provided under U.S.C. § 1367(a).

---

[1] Defendant Officers Doskocz and Flaherty answer only for themselves and make no answer for any other defendant, named or unnamed.

**ANSWER:** Defendant Officers admit the allegations contained in paragraph 2 but deny any wrongful or illegal conduct.

Parties

3. At all relevant times pertaining to this occurrence, Plaintiff was a resident of Chicago, Cook County, Illinois.

**ANSWER:** Defendant Officers lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4. At the time of the occurrence, Defendant City of Chicago was a municipal corporation, and the principal employer of Defendants Doskocz, Flaherty and Chicago Police Officers John Doe #1 and #2, who were acting under color of law and in the course and scope of their employment with the City of Chicago.

**ANSWER:** Defendant Officers admit they were employed by the City of Chicago at the time of the occurrence and were at all times acting under color of law and within the scope of their employment. Defendant Officers lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 and deny any wrongful or illegal conduct.

Facts

5. On or about January 26, 2007, the Plaintiff was in the vicinity of 5338 S. Hermitage Avenue, Chicago, Illinois.

**ANSWER:** Defendant Officers admit the allegations contained in paragraph 5.

6. Then and there, Defendants Doskocz and Flaherty illegally stopped, seized, searched and arrested the Plaintiff without probable cause or any legal justification.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 6.

7. Plaintiff was arrested, handcuffed and taken to the police station for processing.

**ANSWER:** Defendant Officers admit the allegations contained in paragraph 7.

8. Plaintiff was handcuffed for over three hours and was suffering from hand pain when he was taken to Mercy Hospital located at 2525 S. Michigan Avenue, Chicago, IL by Defendants Chicago Police Officers John Doe #1 and #2.

**ANSWER:** Defendant Officers deny plaintiff was handcuffed for over three hours. Defendant Officers lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 and further deny any wrongful or illegal conduct.

9. While at Mercy Hospital for several hours, Plaintiff was ordered to place his head on a high countertop by Defendant Chicago Police Officer John Doe#1 or #2.

**ANSWER:** Defendant Officers lack information and knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. Plaintiff was physically unable to place his head on said countertop for any extended amount of time.

**ANSWER:** Defendant Officers lack information and knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. Defendants Chicago Police Officer John Doe #1 and/or Chicago Police Officer John Doe #2 grabbed Plaintiff's head and struck it on the countertop several times.

**ANSWER:** Defendant Officers lack information and knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. As the proximate result of all the aforementioned actions by Defendants Doskocz, Flaherty and Chicago Police Officers John Doe #1 and #2, the Plaintiff suffered loss of freedom, bodily injury, pain and suffering and medical expenses.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 12 as it pertains to them. Defendant Officers lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12.

13. Thereafter, Plaintiff was charged with a misdemeanor offense, which was terminated in the Plaintiff's favor on February 21, 2007, in a manner consistent with the

innocence of the Plaintiff.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 13.

### COUNT I - 42, U.S.C. § 1983 Excessive
(Plaintiff v Defendants Chicago Police Officer John Doe #1 and/or #2)

14. Plaintiff re-alleges all prior allegations.

**ANSWER:** Defendant Officers answer paragraph 14 by reference to their answers to all prior allegations as fully stated herein.

15. The actions of Defendants Chicago Police Officer John Doe #1 and/or #2 in physically abusing and otherwise using unreasonable, unjustifiable, and excessive force against Plaintiff, violated Plaintiff's rights under the Fourth Amendment to the United States Constitution, incorporated to the states and municipalities through the Fourteenth Amendment, to be secure in his person, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C, § 1983.

**ANSWER:** Defendant Officers lack information and knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16. As a proximate result of all of the aforementioned actions by Defendants Chicago Police Officer John Doe #1 and/or #2, the Plaintiff suffered loss of freedom, bodily injury, pain and suffering, psychological damage and medical expenses.

**ANSWER:** Defendant Officers lack information and knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

**WHEREFORE**, Defendant Officers respectfully request that judgment be entered in their favor and against Plaintiff on Count I, for the costs of defending this suit, including attorney's fees and other such relief as the Court deems just and appropriate.

### Count II - 42 U.S.C. §1983-Failure to Intervene
(Plaintiff v Defendants Chicago Police Officer John Doe #1 and/or #2)

17. The Plaintiff re-alleges what has previously been alleged in this complaint.

**ANSWER:** Defendant Officers answer paragraph 17 by reference to their answers to

all prior allegations as fully stated herein.

18. The actions of Defendant Chicago Police Officer John Doe #1 and/or #2 in failing to intervene and protect Plaintiff from excessive, unreasonable and unjustifiable force despite the duty and opportunity to do so violated Plaintiff's rights under the Fourth and Fourteenth Amendment to the United States Constitution and thus violated 42 U.S.C, § 1983 and were the direct and proximate cause of Plaintiff's injuries described more fully above.

**ANSWER:** Defendant Officers lack information and knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

**WHEREFORE**, Defendant Officers respectfully request that judgment be entered in their favor and against Plaintiff on Count II, for the costs of defending this suit, including attorney's fees and other such relief as the Court deems just and appropriate.

**Count III - 42 U.S.C. §1983-False Arrest**
(Plaintiff v Defendants Doskocz and Flaherty)

19. The Plaintiff re-alleges what has previously been alleged in this Complaint.

**ANSWER:** Defendant Officers answer paragraph 19 by reference to their answers to all prior allegations as fully stated herein.

20. The actions of Defendants Doskocz and Flaherty in falsely seizing, searching and ultimately arresting the Plaintiff without probable cause violated his rights under the Fourth Amendment to the United States Constitution, incorporated to the states and municipalities through Amendment, to the United States Constitution to be secure in his person, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C, § 1983.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 20.

21. As a proximate result of all of the aforementioned actions by Defendant Doskocz and Flaherty, Plaintiff suffered loss of freedom, bodily injury, pain and suffering, psychological damage and medical expenses.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 21.

**WHEREFORE**, Defendant Officers respectfully request that judgment be entered in their favor and against Plaintiff on Count III, for the costs of defending this suit, including

attorney's fees and other such relief as the Court deems just and appropriate.

### Count IV - Illinois State Law Claim of Battery
(Plaintiff v Defendant City of Chicago)

22. The Plaintiff re-alleges what has previously been alleged in this Complaint.

**ANSWER:** Defendant Officers answer paragraph 22 by reference to their answers to all prior allegations as fully stated herein.

23. One or more Chicago Police Officers with the Defendant City of Chicago physically abused the Plaintiff, and these officers committed these intentional acts of harmful and/or offensive contact against the Plaintiff, and were without provocation or legal justification.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 23 as it pertains to them. Defendant Officers lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23.

24. The actions of one or more of these City of Chicago police officers were the direct and proximate cause of the injuries suffered by the Plaintiff, as described more fully above.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 24 as it pertains to them. Defendant Officers lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24.

25. One or more Chicago Police Officers were acting in the course and scope of their employment with the City of Chicago in taking these actions, and thus the City of Chicago is liable based on the theory of respondeat superior.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 25 as it pertains to them. Defendant Officers lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 25.

**WHEREFORE**, Defendant Officers respectfully request that judgment be entered in their favor and against Plaintiff on Count IV, for the costs of defending this suit, including attorney's fees and other such relief as the Court deems just and appropriate.

### Count V - Illinois State Law Claim of False Imprisonment
(Plaintiff v Defendant City of Chicago)

26.    The Plaintiff re-alleges what has previously been alleged in this Complaint.

**ANSWER:**    Defendant Officers answer paragraph 26 by reference to their answers to all prior allegations as fully stated herein.

27.    One or more of Chicago Police Officers with the City of Chicago, placed handcuffs on the Plaintiff and arrested him, thus restricting his freedom of movement, and this was done without legal justification.

**ANSWER:**    Defendant Officers admit that plaintiff was arrested, handcuffed, and his freedom of movement was restricted by one or more of Chicago Police Officers. Defendant Officers deny the remaining allegations contained in paragraph 27.

28.    The actions of one or more of these City of Chicago police officers were the direct and proximate cause of the injuries suffered by the Plaintiff, as described more fully above.

**ANSWER:**    Defendant Officers deny the allegations contained in paragraph 28 as it pertains to them. Defendant Officers lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 28.

29.    One or more Chicago Police Officers were acting in the course and scope of their employment with the City of Chicago in taking these actions, and thus the City of Chicago is liable based on the theory of respondeat superior.

**ANSWER:**    Defendant Officers deny the allegations contained in paragraph 29 as it pertains to them. Defendant Officers lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29.

**WHEREFORE**, Defendant Officers respectfully request that judgment be entered in their favor and against Plaintiff on Count V, for the costs of defending this suit, including attorney's fees and other such relief as the Court deems just and appropriate.

### Count VI - Illinois State Law Claim of Malicious Prosecution
(Plaintiff v Defendants Flaherty and City of Chicago)

30. The Plaintiff re-alleges what has previously been alleged in this Complaint.

**ANSWER:** Defendant Officers answer paragraph 30 by reference to their answers to all prior allegations as fully stated herein.

31. Plaintiff was falsely charged by Defendant Flaherty with a misdemeanor offense, even though Defendant Flaherty knew there was no probable cause for these charges to be filed against the Plaintiff. The Defendant took such actions with malice intent to prosecute the Plaintiff.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 31.

32. In taking these actions, Defendant Flaherty acted within the course and scope of his employment with the City of Chicago, and thus the City of Chicago is liable based on the theory of respondeat superior.

**ANSWER:** Defendant Officers admit they were at all times acting within the scope of their employment. Defendant Officers deny the remaining allegations contained in paragraph 32.

33. On February 21, 2007, all charges against the Plaintiff were terminated in the Plaintiff's favor, in a manner consistent with the innocence of the Plaintiff.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 33.

34. As a result of the actions described in this complaint, the Plaintiff suffered physical, emotional and pecuniary damages (including but not limited to medical bills and attorneys' fees).

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 34.

**WHEREFORE**, Defendant Officers respectfully request that judgment be entered in their favor and against Plaintiff on Count VI, for the costs of defending this suit, including attorney's fees and other such relief as the Court deems just and appropriate.

### Count VII - Indemnification (Federal Claims Only)
(Plaintiff v City of Chicago)

Defendant Officers make no answer to Count VII, paragraphs 35 – 36, as it is not directed to them.

## DEFENSES, 12(b)(6) DEFENSES and AFFIRMATIVE DEFENSES

1. Defendant Officers are entitled to qualified immunity. Defendant Officers are government officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Officers could have believed their actions to be lawful, in light of clearly established law and information that Defendant Officers possessed. Therefore, Defendant Officers are entitled to qualified immunity as a matter of law.

2. Defendant Officers are not liable for any injury allegedly caused by instituting or prosecuting any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-208.

3. Defendant Officers are not liable for injuries arising out of the exercise of discretionary acts. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-201.

4. Plaintiffs cannot establish willful and wanton misconduct on the part of Defendant Officers; therefore Defendant Officers are immune from suit. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-202.

5. Defendant Officers are not liable for any injury caused by the acts or omissions of another person. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-204.

6. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful or wanton behavior, as opposed to "intentional" willful or wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case. *See Poole v. City of Rolling Meadows*, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill.Dec. 171 (Ill. 1995).

7. As to plaintiff's state law claims, the Defendant Officers are not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'" *See Kerns v. Engelke*, 76 Ill.2d 154, 166 (1979)(internal citations omitted).

8. To the extent plaintiffs failed to mitigate any of their claimed injuries or damages, any verdict or judgment obtained by plaintiffs must be reduced by application of the principle that plaintiffs have a duty to mitigate, and commensurate with the degree of that failure to mitigate attributed to plaintiffs by the jury in this case.

9. Where Defendant Officers had probable cause to arrest any Plaintiff for any criminal offense, Plaintiff's false arrest claim based upon an arrest for a second offense must fail even if no probable cause existed for the arrest on the second offense. *See Devenpeck v. Alfred*, 543 U.S. 146, 153-157 (2004).

                                                    Respectfully submitted,

                                                      s/ Matthew R. Hader
                                                    MATTHEW R. HADER
                                                    Assistant Corporation Counsel

30 North La Salle Street, Suite 1400
Chicago, Illinois 60602
(312) 742-9586
matt.hader@cityofchicago.org
Atty. No. 06284330